LAMB v. HORTON et al.

(Circuit Court, D. Massachusetts. February 26, 1900.)

No. 998.

PATENTS—INFRINGEMENT—EYE SHIELDS.
    The Lamb patent, No. 540,746, for an eye shield which consists of mica
    lenses and cushions of felt or other suitable material, is limited by the
    proceedings in the patent office to a shield having the cushions made of
    felt or other similar fibrous material, and is not infringed by a shield
    having rubber cushions.

This was a suit in equity for infringement of a patent. On final
hearing.

Odin B. Roberts, for complainant.
Warren R. Perce, for defendants.

COLT, Circuit Judge.  This suit relates to the Lamb patent for
eye shields, which was before this court in Lamb v. Stevens (C. C.)
81 Fed. 389.  In that case the patent was held valid.  In the pres-
ent suit the only defense is noninfringement.  The Lamb eye shield
consists of mica lenses and a felt cushion.  In the Stevens Case the
defendant's eye shield had a felt cushion, and infringement was
clear.  In the present case the defendants' eye shield has a rubber
cushion, and it is contended that an eye shield having a rubber
cushion does not infringe the Lamb patent, because the patent is
limited to a felt cushion, by reason of what took place in the pat-
ent office.  In the consideration of this question it becomes neces-
sary to carefully examine the history of the patent in the patent
office, as disclosed by the file wrapper and contents.  The Lamb ap-
plication was filed September 25, 1891, and it contained four claims.
In these claims the cushion was described as "a ventilated, flexible
cushion," "a flexible cushion," and "a ventilated, flexible, nonmetallic
cushion."  These claims were rejected by the examiner October 27,
1891, November 20, 1891, December 1, 1891, and December 19,
1891, mainly upon reference to the Genese patent, of March 18,
1884.  Upon appeal to the examiners in chief the majority affirmed
the action of the examiner, holding that the Genese patent "de-
scribes its flexible cushion as elastic and as made of rubber," and
that the alleged invention consisted merely in changing the location
of the ventilating apertures.  The dissenting examiner in chief
thought the patent valid, provided the cushion was limited to felt.
The applicant then appealed to the commissioner, and he affirmed
the decision of the majority of the examiners in chief.  The com-
missioner, in his opinion, says that the British (Genese) patent of
1884 "shows everything that is mentioned in the first claim," ex-
cept that, "instead of the felt cushion," that patent shows "an
India-rubber tube."  He concludes as follows:

    "The substantial questions which come up are these: (1) Does applicant's
substitution of a flexible felt frame in the place of the old flexible metallic
frame with rubber cushion, amount to invention?  And (2) does the specific
mode of ventilating the felt frame, as compared with the modes of ventilation
    99 F.—63

of the British and Swiss patents, amount to invention? It is held that both questions must be answered in the negative."

On May 18, 1892, Lamb filed a petition for rehearing of the appeal before the commissioner, and for leave to file an amendment, and on May 19th requested that his application be amended as follows:

"The principal novel element of the device as described is the rim or cushion projecting substantially at right angles to the frame, constructed of felt, and provided with apertures for the free circulation of air. The presence of this feature makes the device light and comfortable to the user, so that it can be worn without inconvenience."

He also asked to strike out the claims in the application, and substitute a single claim, as follows:

"An eye shield comprising lenses of transparent material inclosed by a suitable frame, and with a strip or cushion of felt projecting substantially at right angles to the said frame or binding, and provided with ventilation apertures, substantially as described."

The case was thereupon reopened by the commissioner. The foregoing amendment, however, was not acted upon, the examiner holding that the case then presented "two sets of claims in two different papers," and he ordered that "this case should be regularly amended before consideration." In compliance with this order the applicant, on June 30, 1892, filed an amendment canceling all claims heretofore existing, and substituting four new claims. The first of these claims described the cushion as "a felt strip or cushion"; the second, as "a cushion of fibrous material, pervious to air"; the third, as "a strip or cushion of felt projecting at right angles to the lenses"; and the fourth, as "a cushion substantially as described." The word "cork" was also stricken out from the original application. In a subsequent communication to Lamb, under date of July 5, 1892, the office said:

"In his report on the petition to the commissioner in this case, the examiner said: '* * * Since he joins to this petition an amendment to his specification and a new claim, * * * a new state of facts might justify a reopening of the case by the primary examiner, under rule 142. In the new claim presented by the applicant in connection with his motion, he restricts his structure to an eye shield having a cushion of felt. He has heretofore claimed broadly a cushion of flexible material. Such a claim not having heretofore been adjudicated upon, the case might properly be reopened, "sufficient cause being shown," and on the approval of the commissioner.' The commissioner said in his decision: 'In view of the allegations in this report, the case is reopened for the consideration by the primary examiner of the new claim applicant presents.' When applicant confines his new claims to the subject-matter above referred to, they will be considered, and no other claims will be."

To this communication Lamb replied on July 16, 1892, as follows:

"I have to acknowledge receipt of official letter of July 5, 1892, and in response thereto beg to submit the following amendment: In claim 2, line 3, of the last amendment, strike out 'a cushion of fibrous material, pervious to air,' and insert 'a cushion of felt.' Claim 4, of the same amendment, strike out 'cushioned,' and insert 'a cushion of felt.' These changes are thought to be in full accordance with the examiner's requirement, for, although it is plain the invention is not a mere change of material, yet the one essential element of the combination is the felt cushion; meaning, of course, a cushion of those peculiar qualities possessed by felt. Favorable action is requested."

The first four claims of the patent as finally issued are the claims embodied in the letter of June 30, 1892, as amended by the letter of July 16, 1892, and in each of these claims the cushion is restricted to felt. The adoption of this limitation is the sole ground upon which Lamb obtained a reopening of his case after it had been finally rejected by the commissioner, and he is bound thereby at least with respect to these claims.

In the early part of September, 1892, Lamb appointed Lange & Roberts, in place of Cilley, his attorneys. In a communication to the patent office dated September 9, 1892, Lange & Roberts amended the application by the addition of six new claims. They also erased the first two paragraphs contained in the communication of May 19, 1892, already referred to. Subsequently five more claims were allowed. The whole number of additional claims finally allowed are numbered 5 to 15, inclusive, in the patent. In three of these claims the cushion is not strictly limited to felt. In claim 5 the cushion is described as "of felt or suitable material," in claim 6 it is described as "of felt or other suitable material," and in claim 10 it is described as "of felt or suitable material." In view, however, of the history of this patent in the patent office, it seems to me that these additional words do not enlarge the scope of these claims further than to cover a cushion having the peculiar qualities possessed by felt; that is, a cushion of fibrous material, which is soft, flexible, and absorbent, such as felt, flannel, and the like. In one of his communications to the patent office after the case had been reopened, the applicant said: "The one essential element of the combination is the felt cushion; meaning, of course, a cushion of those peculiar qualities possessed by felt." This would seem to be, under the circumstances connected with the grant of this patent, a fair and reasonable construction of the words "other suitable material." But, whether this be so or not, it is clear to my mind that, in view of what took place in the patent office, the patentee is estopped from claiming a rubber cushion as within his patent. The contest in the patent office centered around the Genese patent. That patent described a rubber cushion, and Lamb was obliged to limit his cushion to some material other than rubber, as the sole condition upon which the patent was finally granted. To hold that the words "or other suitable material" covered rubber would be to say that it included the rubber cushion of the Genese patent. The interference proceedings in the patent office have, in my opinion, no bearing upon the question of the scope and meaning of the claims of the patent as finally allowed. Upon careful consideration of this case, I am satisfied that the Lamb patent is limited to a cushion of felt or other similar fibrous material, and that it is not infringed by the defendants, who manufacture and sell an eye shield in which the cushion is composed entirely of India rubber. Bill dismissed, with costs.